UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 8:09-cr-43-T-33TGW

JUTAURIO CLEMONS
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Jutaurio Clemons's Motion for a Sentence Reduction (Doc. # 95), filed on April 21, 2014. The Government filed a response in opposition to the Motion on May 5, 2014. (Doc. # 97). For the reasons that follow, the Motion is denied.

**I.**   **Background**

On June 2, 2009, Clemons entered a plea of guilty to Counts One and Three of the Indictment. (Doc. # 42). This Court sentenced Clemons to a total term of imprisonment of 200 months on September 1, 2009. (Doc. # 57). Thereafter, on November 12, 2010, the Government, acting on information it had received as to Clemons's post-sentence conduct, filed a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). (Doc. # 88). The Court granted the Government's motion and sentenced Clemons to a total term of imprisonment of 180 months. (Doc. # 89). An amended judgment was entered on November 30, 2010. (Doc. # 90). At this juncture, Clemons seeks a further reduction of his sentence.

## II. <u>Discussion</u>

Clemons entered into a plea agreement on June 2, 2009. (Doc. # 37). As to "Cooperation-Substantial Assistance," the plea agreement states:

> If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Civ. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(<u>Id.</u> at 5-6).

Rule 35(b) of the Federal Rules of Criminal Procedure does not provide a mechanism for an individual defendant, such as Clemons, to seek relief, but rather provides the Government with a procedure for seeking a reduced sentence in recognition of substantial assistance provided in the investigation and prosecution of others. The Government has the power, but not the duty, to file a substantial

2

assistance motion. <u>Wade v. United States</u>, 504 U.S. 181, 185 (1992).

In the present case, Clemons claims that he is entitled to a filing of a motion by the Government pursuant Rule 35 as he has provided "extensive cooperation and ongoing cooperation" to the United States and investigators with the Bureau of Prisons in connection with an investigation of criminal activity by employees of the Bureau of Prisons. (<u>See</u> Doc. # 95).

In response, the Government submits that it has consulted with one of the Bureau of Prisons investigators whom Clemons identified in his Motion. (Doc. # 97 at 2). The investigator advised the Government that the investigation Clemons mentions in his Motion is still pending and has not reached any resolution. (<u>Id.</u>). Therefore, the Government posits that it is "not in any position to evaluate intelligently the extent of [Clemons's] cooperation, if any, or the results of that investigation." (<u>Id.</u>). The Government further argues that Clemons has not alleged any unconstitutional motivation on behalf of the Government for refusing to file a Rule 35 motion on his behalf, nor has he made any showing, "substantial" or not, as to the existence

3

of any such unconstitutional animus. (Id. at 3-4)(citing Wade, 504 U.S. at 181 (finding that district courts have the authority to review the Government's refusal to file a substantial assistance motion and grant a remedy if they find that the refusal was based on an unconstitutional motive); United States v. Dorsey, 512 F.3d 1321, 1324 (11th Cir. 2008)("judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.")).

Upon review of the Motion and the response thereto, the Court finds no indication that the Government's refusal to file a Rule 35 motion at this time constitutes a breach of Clemons's plea agreement, or that the decision is otherwise improper. Therefore, Clemons's Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Jutaurio Clemons's Motion for a Sentence Reduction (Doc. # 95) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of May, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record

5